T.C. Summary Opinion 2001-103


UNITED STATES TAX COURT


DALE J. AND PHILLIS L. DE BOTH, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 438-00S.                    Filed July 9, 2001.


Dale J. De Both, pro se.

Eric W. Johnson, for respondent.


PAJAK, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioners' 1997 Federal income tax in the amount of $1,316. This Court must decide whether petitioners must include a workers' compensation offset of $5,540.40 as part of their Social Security benefits.

Some of the facts in this case have been stipulated and are so found. Petitioners resided in Cottage Grove, Minnesota, at the time they filed their petition.

In September 1994, Phillis De Both (petitioner) was injured in a workplace accident. Both of petitioner's arms were severed, and she suffered other serious injuries.

Petitioner received workers' compensation benefits under Minnesota law for her injuries. She also received Social Security benefits under Federal law for her injuries.

CompCost, Inc. (CompCost), a State Fund Mutual Company, handles the Minnesota workers' compensation claims of petitioner. On February 23, 1999, CompCost advised that the $25,000 threshold under Minnesota law was met on May 2, 1996, and since that date CompCost has been taking a Social Security offset against petitioner's workers' compensation benefit.

The Social Security Administration filed a Form 1099 with respondent which indicated that in 1997 petitioner received total benefits of $5,723.90. Of that amount, $5,540 was not paid to petitioner, but was a "Worker's compensation offset". In 1997, petitioner received payments totaling $175 from Social Security,

and an $8.50 Medicare premium was paid on her behalf. During 1997, petitioner also received workers' compensation payments totaling $15,396.73.

On their 1997 tax return, petitioners reported $184 ($5,724, rounded amount, minus the workers' compensation offset of $5,540) as the amount of benefits they received from Social Security. They reported $156 as the amount of Social Security benefits includable in their gross income.

Respondent determined that petitioners failed to report $5,540 of Social Security benefits and that 85 percent of that amount, or $4,709, is includable in their gross income. Petitioners claim that because both workers' compensation and Social Security benefits were reduced using the same offset, petitioner did not actually receive the $5,540 from anyone. Accordingly, petitioners contend that the $5,540 should not be included as part of petitioner's Social Security benefits.

Social Security benefits are generally included in income as provided by section 86. Workers' compensation benefits are generally not included in income under section 104(a)(1). When an individual receives both Social Security benefits and workers' compensation benefits in the same year on account of the same injury, the Social Security benefits paid to the individual are generally reduced by a portion of the workers' compensation

benefits, and this reduction is the workers' compensation offset. 20 C.F.R. sec. 404.408(a) (2001). The workers' compensation offset to Social Security benefits generally is considered as included in the amount of Social Security benefits received. Sec. 86(d)(3); Mikalonis v. Commissioner, T.C. Memo. 2000-281. The relevant House report states in part:

> For example, if an individual were entitled to $10,000 of social security disability benefits but received only $6,000 because of the receipt of $4,000 of workmen's compensation benefits, then, for purposes of the provisions taxing social security benefits, the individual will be considered to have received $10,000 of social security benefits. [H. Rept. 98-25, at 26 (1983)].

However, what is vital in this case is that Social Security benefits are not to be reduced by workers' compensation benefits if the workers' compensation plan provides for the reduction of the workers' compensation benefits by Social Security benefits. 20 C.F.R. sec. 404.408(b)(2) (2001). As respondent puts it, this prevents a double offset.

Under Minnesota law, after a total of $25,000 of workers' compensation benefits has been paid, the amount of such benefits to be received thereafter "shall be reduced" by the amount of Social Security benefits received on account of the same injury. Minn. Stat. Ann., sec. 176.101 subdiv. 4 (2001). Thus, under 20 C.F.R. sec. 404.408(b)(2) (2001), petitioner's Social Security benefits should not have been reduced by a workers' compensation

offset because petitioner's workers' compensation benefits were offset by Social Security benefits after May 2, 1996.

The workers' compensation benefits were reduced by the Social Security benefits throughout 1997. The Form 1099 from the Social Security Administration shows that petitioner's Social Security benefits were reduced for the workers' compensation offset in 1997. There was a double offset. Respondent concedes that if the Social Security Administration reduced Social Security benefits to offset workers' compensation benefits and CompCost reduced workers' compensation benefits to offset Social Security benefits, petitioners would have had a workers' compensation offset to their Social Security benefits but would not have received the workers' compensation benefits on which the offset was based.

We find that petitioner did not receive the $5,540 amount from CompCost or from the Social Security Administration in 1997. Petitioners are not required to include $5,540 as part of their Social Security benefits in 1997. If the Social Security Administration pays the amount it owed petitioner in 1997 at some point in the future, the appropriate amount will be includable in

petitioners' gross income at that time.  Sec. 86(a).

Accordingly, we hold for petitioners.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for petitioners</u>.